United States District Court
Southern District of Texas
**ENTERED**
February 11, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE BALTAZAR, TDCJ #2200474, § § Petitioner, § § v. § § BOBBY LUMPKIN, Director,[1] § Texas Department of Criminal § Justice - Correctional § Institutions Division, § § Respondent. § | CIVIL ACTION NO. H-20-1546 |

## MEMORANDUM OPINION AND ORDER

Jose Baltazar (TDCJ #2200474) has filed an Amended Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Amended Petition") (Docket Entry No. 6), which challenges the calculation of a sentence that he received in Fort Bend County, Texas. Now pending is "Respondent [Bobby] Lumpkin's Motion for Summary Judgment with Brief in Support" ("Respondent's MSJ") (Docket Entry No. 34), arguing that the Amended Petition should be dismissed for failure to exhaust state court remedies or, alternatively, for failure to state a claim upon which relief may be granted. Baltazar has filed a response (Docket Entry No. 37). After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

---

[1]The court substitutes Director Bobby Lumpkin, who has replaced former Director Lorie Davis, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I. Background

On June 5, 2018, Baltazar was convicted of aggravated assault with a deadly weapon and unlawful possession of a weapon as a previously convicted felon in Harris County Cause Nos. 1512727 and 1534913.[2] He received a three-year prison sentence in each case.[3] The sentence in Cause No. 1534913 was set to begin on November 13, 2017, and discharge on November 12, 2020.[4] The sentence in Cause No. 1512727 was set to begin on November 14, 2017, and discharge on November 13, 2020.[5]

On February 15, 2018, while Baltazar was in custody at the Harris County Jail, officials in Fort Bend County placed a "hold" on Baltazar for prosecution on charges that were filed against him as the result of another aggravated assault that had occurred previously on June 1, 2017.[6] On August 24, 2018, Baltazar was transferred to Fort Bend County to face these additional charges.[7]

---

[2]Affidavit of Charley Valdez ("Valdez Affidavit"), Exhibit A to Respondent's MSJ, Docket Entry No. 34-2, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

[3]Id.

[4]Id.

[5]Id.

[6]Affidavit of Attorney Louis A. Latimer ("Latimer Affidavit"), Docket Entry No. 35-13, p. 94; Fort Bend County Sheriff's Department Offense Report, Docket Entry No. 35-2, pp. 11-20; Criminal Docket Sheet, Docket Entry No. 35-2, pp. 63-64.

[7]Latimer Affidavit, Docket Entry No. 35-13, p. 94.

On September 10, 2018, Baltazar was convicted upon his guilty plea to charges of aggravated assault with a deadly weapon that were lodged against him in Fort Bend County Cause No. 17-DCR-078185.[8] The 400th District Court of Fort Bend County, Texas, accepted Baltazar's plea and sentenced him to three years' imprisonment pursuant to a written plea agreement with the State.[9] The sentence was to be served concurrently with those he received in Harris County.[10] Baltazar waived his right to appeal.[11]

On November 21, 2018, Baltazar filed an Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("First State Habeas Application"), regarding the calculation of his sentence.[12] Baltazar argued that his Fort Bend County sentence was "concurrent with" the sentences that he received in Harris County,[13] and that he was entitled to credit for time served while in custody at the Harris County Jail.[14] Baltazar sought additional credit for time

---

[8] Amended Petition, Docket Entry No. 6, pp. 2-3; Indictment, Docket Entry No. 35-2, p. 6.

[9] Order, Docket Entry No. 35-2, p. 26; Judgment and Sentence, Docket Entry No. 35-2, pp. 30-32.

[10] Order of Commitment, Docket Entry No. 35-2, p. 29.

[11] Defendant's Waiver of Right to Appeal, Docket Entry No. 35-2, p. 27.

[12] First State Habeas Application, Docket Entry No. 35-2, pp. 33-50.

[13] Id. at 38-40.

[14] Id. at 40, 42.

served and an adjustment to his discharge date for the Fort Bend County sentence.[15] The State answered with a motion to dismiss, noting that Baltazar did not sign or verify his First State Habeas Application in compliance with Texas law.[16] The record confirms that the First State Habeas Application filed by Baltazar was not signed or verified as required.[17] After Baltazar did not correct his pleadings, the trial court recommended denying relief because Baltazar did not sign his First State Habeas Application as required.[18] The Texas Court of Criminal Appeals agreed and dismissed Baltazar's First State Habeas Application for non-compliance with Rule 73.1 of the Texas Rules of Appellate Procedure on December 19, 2018.[19]

On January 9, 2019, Baltazar submitted another Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("Second State Habeas Application"), regarding the calculation of his sentence.[20] Baltazar raised the same claim for pre-sentence jail

---

[15] Id. at 44.

[16] Respondent's Answer to Applicant's Application for Writ of Habeas Corpus and Motion to Dismiss Applicant's Writ for Want of an Oath or Verification, Docket Entry No. 35-2, pp. 54-59.

[17] First State Habeas Application, Docket Entry No. 35-2, p. 48. The form includes the following admonishment: "This application must be verified or it will be dismissed for non-compliance." Id.

[18] Order, Docket Entry No. 35-2, p. 60.

[19] Action Taken on Writ No. 89,299-01, Docket Entry No. 35-1.

[20] Second State Habeas Application, Docket Entry No. 35-13, pp. 30-46.

credit that was presented in his First State Habeas Application.[21] The trial court ordered Baltazar's defense counsel to file an affidavit in response to Baltazar's claim about the amount of credit that he was entitled to receive under the terms of the negotiated plea agreement.[22]

In his affidavit to the trial court, defense counsel noted that Baltazar did not receive 190 days of "Gap time credit or jail credit" for time he spent in custody in Harris County while subject to the "hold" from Fort Bend County, noting further that this time credit was "an essential factor in his agreement to enter into his plea."[23] Based on defense counsel's affidavit, the State asked the trial court to enter a judgment nunc pro tunc under Tex. R. App. 23.2 to adjust the amount of credit on Baltazar's sentence.[24] The trial court adopted Respondent's Proposed Findings of Fact and Conclusions of Law and Order ("Findings and Conclusions"), stating that it would sign the State's motion for judgment nunc pro tunc and adjust the date for Baltazar's sentence to commence on February 15, 2018, unless Baltazar had objections.[25] After determining that a judgment nunc pro tunc would resolve Baltazar's

---

[21] Id. at 35-41.

[22] Order Designating Issues, Docket Entry No. 35-13, pp. 59-62.

[23] Latimer Affidavit, Docket Entry No. 35-13, p. 94.

[24] State's Motion for Judgment Nunc Pro Tunc, Docket Entry No. 35-13, pp. 96-101.

[25] Findings and Conclusions, Docket Entry No. 35-11, pp. 5-9.

claims concerning the calculation of his sentence, the trial court recommended that Baltazar's request for habeas relief be denied.[26]

Baltazar filed objections to the trial court's Findings and Conclusions, arguing that he was entitled to have the start date for his Fort Bend County sentence match the start date for his Harris County convictions.[27] The objections were forwarded to the Texas Court of Criminal Appeals along with the trial court's Findings and Conclusions in a supplement to the Clerk's Record for his Second State Habeas Application.[28] On December 18, 2019, the Texas Court of Criminal Appeals dismissed Baltazar's Second State Habeas Application.[29] In doing so, the Court of Criminal Appeals noted that Baltazar was improperly requesting "PRE-SENTENCE TIME CREDIT," citing Ex parte Florence, 319 S.W.3d 695 (Tex. Crim. App. 2010) and Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004).[30] Those cases hold that a motion for judgment nunc pro tunc, followed by an application for a writ of mandamus, is the proper procedure for raising a claim for pre-sentence time credit, not a writ of habeas corpus. See Florence, 319 S.W.3d at 696; see also Ybarra,

---

[26] Id. at 7-8.

[27] Letter dated November 15, 2019, Docket Entry No. 35-11, pp. 17-18.

[28] Letter dated November 25, 2019, from the Fort Bend County District Clerk to the Court of Criminal Appeals, Docket Entry No. 35-11, p. 1.

[29] Action Taken on Writ No. 89,299-02, Docket Entry No. 35-3.

[30] Id.

149 S.W.3d at 148-49 (explaining that habeas corpus is not the proper procedure for seeking jail time credit, which may be resolved in a nunc pro tunc proceeding).

On April 30, 2020, this court received a hand-written letter from Baltazar, seeking relief from a "time credit error" regarding the sentence that he received from Fort Bend County.[31] Because the letter sought relief from a state court sentence, it was docketed as a federal habeas corpus action and Baltazar was asked to submit an amended petition using a court-approved form.[32] In the Amended Petition pending before this court Baltazar makes the following assertions:

1. He was told by his lawyer that the district attorney was offering 301 days of "back time" credit for time served while in custody of Harris County.

2. The Fort Bend County trial court stated that he was entitled to "all [his] time from Harris County" and that his sentence would run concurrent with his Harris County cases.

3. He was charged with his Fort Bend County case on June 1, 2017, so he should get credit dating back to November 13, 2017.

4. His "Time Sheet" shows that his Fort Bend County sentence commences on August 18, 2018.[33]

Baltazar seeks relief in the form of "credit for all back time" that he served while in custody of Harris County and for the "start

---

[31]Letter dated April 27, 2020, Docket Entry No. 1, pp. 1-3.

[32]Notice of Deficient Pleading, Docket Entry No. 3, p. 1; Order and Notice to Petitioner, Docket Entry No. 4, pp. 1-3.

[33]Amended Petition, Docket Entry No. 6, pp. 6-8.

date" for his Fort Bend County sentence to be the same as the sentences he received from Harris County so that all three sentences would discharge on November 13, 2020.[34]

Pleadings filed by pro se litigants are entitled to a liberal construction and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks and citation omitted). Treating all of Baltazar's allegations with leniency, the court interprets his claims to challenge the amount of pre-sentence credit awarded by the trial court for time that he spent in custody at the Harris County Jail before he was transferred to Fort Bend County for proceedings in Cause No. 17-DCR-078185.[35]

The respondent argues that the Amended Petition should be dismissed because Baltazar has not exhausted state court remedies with respect to his claims.[36] Alternatively, the respondent argues that the Amended Petition should be dismissed because Baltazar's

---

[34] Id.

[35] The court's construction is based primarily on the Amended Petition (Docket Entry No. 6, pp. 6-8), but also on the letter that Baltazar filed originally with the court (Docket Entry No. 1, pp. 1-3), a memorandum of "Relevant Facts and Law" filed by Baltazar on June 17, 2020 (Docket Entry No. 18, pp. 1-2), and his response to the Respondent's MSJ, in which Baltazar clarifies that he is seeking credit on his Fort Bend County sentence for the time spent in custody at the Harris County Jail after Fort Bend County officials placed a "hold" against him (Docket Entry No. 37, p. 1).

[36] Respondent's MSJ, Docket Entry No. 34, pp. 6-8.

claim for pre-sentence time credit is not cognizable on federal habeas review.[37]

## II. Discussion

### A. Exhaustion of State Court Remedies

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)). This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

The state court records confirm that the Texas Court of Criminal Appeals has not had an opportunity to address the merits of Baltazar's claim because he did not raise a challenge to the amount of his pre-sentence credit using the proper procedure. The Texas Court of Criminal Appeals dismissed Baltazar's First State

---

[37] Id. at 9-10.

Habeas Application for his failure to comply with procedural rules requiring him to sign his application under oath.[38] Thereafter, the Texas Court of Criminal Appeals dismissed his Second State Habeas Application because a state habeas corpus proceeding is not the proper procedural vehicle in which to present a claim for pre-sentence jail credit.[39]

As noted by the Texas Court of Criminal Appeals, the proper procedural mechanism for a Texas prisoner to seek additional time credit on his sentence is a motion for judgment nunc pro tunc in the trial court, followed by an application for a writ of mandamus if necessary. See Florence, 319 S.W.3d at 696; see also Ybarra, 149 S.W.3d at 148-49. Assuming that this process remains available, Baltazar plainly failed to exhaust this remedy before seeking federal habeas corpus relief. Therefore, his Amended Petition is subject to dismissal for lack of exhaustion. The court will not dismiss the Amended Petition for lack of exhaustion, however, because relief is unavailable for alternative reasons discussed briefly below.

## B. Baltazar Fails to State a Claim for Relief

Even assuming that Baltazar has satisfied the exhaustion requirement, the Amended Petition must be dismissed because he does not state a claim for which federal habeas corpus relief may be

---

[38]Action Taken on Writ No. 89,299-01, Docket Entry No. 35-1.

[39]Action Taken on Writ No. 89,299-02, Docket Entry No. 35-3.

granted.  Importantly, a federal habeas corpus court may only grant relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  To obtain habeas corpus relief a state prisoner must assert a violation of a federal constitutional right.  See Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted)).

The Fifth Circuit held that a state prisoner has "no absolute constitutional right to pre-sentence detention credit." Jackson v. Alabama, 530 F.2d 1231, 1237 (5th Cir. 1976); Russo v. Johnson, 129 F. Supp. 2d 1021, 1017 (S.D. Tex. 2001) ("'[T]here is no federal constitutional right to credit for time served prior to sentence.'") (citations omitted).  The only exception to this rule is when denying such credit to an indigent defendant who was held without bail would result in extending his sentence beyond the statutory maximum prescribed for the offense.  Jackson, 530 F.2d at 1237.

Baltazar was convicted of aggravated assault with a deadly weapon and sentenced to three years' imprisonment in Fort Bend County Cause No. 17-DCR-078185. The three-year sentence that he received is well short of the 20-year statutory maximum punishment for the offense, which is a second-degree felony.[40] Because the record does not indicate that Baltazar's three-year sentence will extend beyond the 20-year maximum without additional credit for the time he spent prior to receiving his sentence, Baltazar does not fit within the exception to the rule and he does not establish the requisite constitutional violation. Accordingly, the Amended Petition must be dismissed with prejudice for failure to state a claim upon which relief may be granted. See Porter v. Davis, No. Civil Action No. 1:15-CV-007-BL, 2016 WL 6820469, at *3 (N.D. Tex. Oct. 11, 2016) (finding a similar claim subject to dismissal for lack of exhaustion and, alternatively, for failure to state a cognizable claim for relief).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A

---

[40] See Tex. Penal Code § 22.02(b) (describing the offense of aggravated assault as a second-degree felony); and Tex. Penal Code § 12.33(a) (prescribing the term of imprisonment for a second-degree felony as "not more than 20 years and or less than 2 years").

certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies or that the Amended Petition fails to state a cognizable claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent [Bobby] Lumpkin's Motion for Summary Judgment (Docket Entry No. 34) is **GRANTED**.

-13-

2. The Amended Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Jose Baltazar (Docket Entry No. 6) is **DISMISSED WITH PREJUDICE** for failure to state a claim.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 11th day of February, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE